UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE WOHADLO,

    Plaintiff,                                Hon. Janet T. Neff

v.                                              Case No. 1:18-cv-1442

TENTCRAFT, INC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 35). Plaintiff initiated this action on December 27, 2018, against Tentcraft, Inc. and four of its employees. Plaintiff alleges that Tentcraft hired her on May 7, 2018, only to unlawfully terminate her employment nine (9) days later. Plaintiff has asserted state and federal law claims concerning Defendants' allegedly unlawful conduct. Defendants move for summary judgment as to Plaintiff's state law claims on the ground that such were untimely filed. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **denied**.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential

-1-

element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Defendants assert that Plaintiff's state law claims must be dismissed because they were untimely filed. In support of this argument, Defendants rely on a single-page document which Plaintiff allegedly signed at the outset of her employment. (ECF No. 35-2 at PageID.246). According to this document, Plaintiff allegedly agreed to "not commence any state law action or suit related to [her] employment. . .more than six months after the termination of [her] employment, if the action or suit is related to the termination of [her] employment." (ECF No. 35-2 at PageID.246). As Defendants correctly note, agreements such as this are permissible under Michigan law. *See, e.g., Rory v. Continental Ins. Co.*, 703 N.W.2d 23, 31-32 (Mich. 2005) ("Michigan has no general policy or statutory enactment. . .which would prohibit private parties from contracting for shorter limitations periods than those specified by general statutes").

The shortcoming with Defendants' argument, however, is that Defendants have failed to demonstrate that the document on which their argument is based binds Plaintiff vis-à-vis Defendants. The agreement contains only Plaintiff's signature and was not signed by any of the individual defendants or by any other representative of Tentcraft. The document does not make any reference to Tentcraft, but instead merely references "company," a term which is not defined in the agreement. The agreement does contain a single reference to "OLHSA, however, Defendants have presented no evidence establishing that OLHSA refers to, or is in any way affiliated with, Tentcraft or any of the individual defendants. On the other hand, Plaintiff has submitted evidence that OLHSA is a separate entity from Tentcraft and, moreover, that the agreement on which Defendants' argument rests was plagiarized from an OLHSA employment application. (ECF No. 47-2 at PageID.372-77). Defendants apparently failed, however, to modify the agreement to reflect that it constituted an agreement between Tentcraft and its employees rather than between OLHSA and its employees.

Defendants argue that the shortcoming with the agreement is a mere typographical error and that the Court should instead read the agreement as if "Tentcraft" were inserted for "OLHSA." This argument is rejected. First, Defendants have presented no authority standing for the proposition that the failure to properly identify in an agreement the identity of the parties bound thereby is merely a typographical error. Second, Defendants have identified no authority that permits a court to simply re-write a contract in the manner Defendants seek. In sum, the agreement in question, by its express terms, does not bar Plaintiff from asserting against the present defendants state law claims concerning her employment with Tentcraft. To the extent Defendants seek a different result by reference to evidence extrinsic to the agreement itself, Defendants have failed to demonstrate that consideration of such evidence is appropriate at this juncture or that such evidence would result in a different result.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Partial Summary Judgment</u>, (ECF No. 35), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 10, 2019         /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge