UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE WOHADLO,

    Plaintiff,

v.

TENTCRAFT, INC., et al.,

    Defendants.
_____/

Case No. 1:18-cv-1442

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this *pro se* employment discrimination case against her former employer, Defendant Tentcraft, Inc., and four Tentcraft employees, following her termination after nine days of employment. Defendants filed a Motion for Partial Summary Judgment as to Plaintiff's state law claims on the ground they were untimely based on a limitations period in an employment agreement. Pending before the Court are Defendants' Objections (ECF No. 68) to the Report and Recommendation of the Magistrate Judge (ECF No. 61), recommending that Defendants' Motion be denied. Plaintiff has filed a Response in opposition to the Objections (ECF No. 70).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Defendants assert that the Magistrate Judge erroneously: (1) required the shortened statute of limitations agreement to be signed by one of the Defendants; and (2) found that the agreement did not bind Plaintiff vis-à-vis Defendants. The Court finds both objections without merit. The

Magistrate Judge considered the record evidence, properly applied the standards for summary judgment and determined that, on the evidence presented, Defendants had failed to establish a binding employment agreement that time-barred Plaintiff's state law claims. The Magistrate Judge cited several factors for this conclusion. Defendants' objection that the Magistrate Judge failed to cite authority for certain observations is unavailing. Defendants concede that the document relied on does not reference "Tentcraft" (Objs., ECF No. 68 at PageID.625). Rather, it expressly referred to the employing entity as "OLHSA" (apparently, Oakland Livingston Human Service Agency, a community action agency), not Tentcraft (*see* ECF No. 55-3 at PageID.442).

Defendants' reliance on additional argument and/or evidence in their objections to show they had a binding agreement based on Plaintiff's continued employment by "Tentcraft" and "mutuality of assent" does undermine the Magistrate Judge's analysis or conclusion. First, Defendants fail to show that this argument and evidence was raised before the Magistrate Judge. Arguments not raised before the Magistrate Judge are not properly raised in an objection to a Report and Recommendation. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Bartlett v. Borgess Hosp.*, No. 1:17-cv-1138, 2018 WL 4521936 at *1 (W.D. Mich. Sept. 21, 2018). Second, to the extent that such evidence creates disputed issues of fact, summary judgment is improper (*see* R&R, ECF No. 61 at PageID.503-505). As the Magistrate Judge stated in the Report and Recommendation:

> In sum, the agreement in question, by its express terms, does not bar Plaintiff from asserting against the present defendants state law claims concerning her employment with Tentcraft. To the extent Defendants seek a different result by reference to evidence extrinsic to the agreement itself, Defendants have failed to demonstrate that consideration of such evidence is appropriate at this juncture or that such evidence would result in a different result.

(*id*. at PageID.506).

Alternatively, Defendants argue that to the extent that the Magistrate Judge relied upon Plaintiff's improperly filed sur-reply, Defendants' objections to the report and recommendation must be sustained. As an initial matter, the decision to permit additional briefing is entirely within the Magistrate Judge's discretion. *See* W.D. Mich. LCivR 7.2(c). In any event, Defendants' argument that the Magistrate Judge improperly considered the sur-reply is based on nothing more than speculation and does not support any ruling by this Court on objection to the Report and Recommendation. Should Defendants have valid grounds for renewing their motion, their request can be raised before the Magistrate Judge in subsequent proceedings, which are within the Magistrate Judge's discretion.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 68) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 61) is APPROVED and ADOPTED as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (ECF No. 35) is DENIED, subject to further proceedings as determined by the Magistrate Judge.

Dated: July 19, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge