UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MARIE WOHADLO,

          Plaintiff,

v.

TENTCRAFT, INC., et al.,

          Defendants.
_____/

Case No. 1:18-cv-1442

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action by a plaintiff proceeding *in forma pauperis*. Plaintiff Marie Wohadlo alleges that Tentcraft and several of its employees engaged in employment discrimination, sexual harassment, and retaliatory conduct toward her during her employment by Tentcraft, which lasted for about a week in May 2018. (*See* Compl., ECF No. 1, PageID.2.) The Court referred this case to the magistrate judge. Before the Court are Plaintiff's appeals from several of the magistrate judge's orders. (*See* ECF Nos. 118, 147, 149.) Defendants have responded to these appeals. (ECF Nos. 125, 150, 151.) For the reasons herein, the Court will deny Plaintiff's appeals.

### I. STANDARD

When reviewing a magistrate judge's resolution of a pre-trial matter, the Court must determine whether the magistrate judge's decision was "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams Cnty. Regional Water Dist. v.*

*Village of Manchester, Ohio*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## II. ANALYSIS

### A. Protective Orders

Plaintiff's first appeal centers on the magistrate judge's rulings pertaining to the parties' discovery. On August 2, 2019, Defendants asked the Court to enter a protective order that did the following: (1) directed Defendants not to respond to Plaintiff's fourth request for production of documents; (2) prohibited Plaintiff from serving additional written requests for discovery on Defendants; (3) prohibited Plaintiff from serving subpoenas on third parties; and (5) required Plaintiff to work with defense counsel to determine the availability of defense counsel and their clients for depositions. (*See* Defs.' Mot. for Protective Order, ECF No. 82.)

Defendants sought the order after Plaintiff subjected them to a range of abusive litigation tactics. According to Defendants, Plaintiff served them with 86 requests for production of documents, many of which were extraordinarily broad in scope and sought information completely unrelated to the subject matter of this lawsuit. For instance, 31 of Plaintiff's documents requests sought information about nonparties "Logotent, Tentfunding, and Mastertent," as well as "any other legal entities formed, controlled, or represented or operated by Defendants from January 2007 through the Present[.]" (*Id.*, PageID.848.) Plaintiff also sought information about Tentcraft's vendors, including cell phone providers paid by Tentcraft "or any of its subsidiaries," and "third-parties hired to reproduce all employee handbooks since 2007." (*Id.*, PageID.849.) Plaintiff even asked Tentcraft to provide "invoices for fees and services" sent by Tentcraft's attorneys to Tentcraft and nonparties. The latter information has no discernible relevance to Plaintiff's claims, and much of it is not in Tentcraft's possession.

For reasons that are unclear, Plaintiff also sent a subpoena to one of Tentcraft's vendors, asking it to produce documents related to a Tentcraft road sign erected in Traverse City. (Subpoena, ECF No. 82-9.) And when scheduling a deposition of Defendants, Plaintiff unilaterally set it for a time and date without consulting with Defendants' attorneys.

Plaintiff did not respond to Defendants' motion for a protective order. The Court's local rules provide that parties are to respond to non-dispositive motions within fourteen days. W.D. Mich. LCivR 7.3(c). On September 27, 2019, almost two months after Defendants asked for the protective order, the magistrate judge noticed the parties that she would hold a status conference on October 8, 2019. At the status conference, she directed the parties to submit an amended case management order and amended protective order.

Defendants subsequently submitted several proposed orders dealing with several different aspects of discovery. One proposed order limited the scope and amount of discovery. It instructed Plaintiff not to conduct discovery of third parties, limited Plaintiff's depositions to five individuals, and limited Plaintiff's requests for production of documents to five requests concerning the events in May 2018 that formed the basis for Plaintiff's claims. (ECF No. 98.) Another proposed order dealt with the confidentiality of personnel files for four current or former Tentcraft employees. (ECF No. 99.) And another quashed a subpoena that Plaintiff submitted to Verizon for cell phone records. (ECF No. 100.) Plaintiff objected to all of these proposed orders. (ECF No. 106.) She also asked the Court to sanction Defendants. (ECF No. 107.)

On November 1, 2019, the magistrate judge accepted Defendants' proposed orders, thereby addressing the substance of Defendants' motion for a protective order. (ECF Nos. 108, 109, 110.) The magistrate judge also denied Plaintiff's request for sanctions.

Plaintiff first raises procedural objections to the handling of Defendants' motion for a protective order. She claims that the motion was "never properly adjudicated" and that she did not have an opportunity to respond. (Mot. for Appeal, ECF No. 118, PageID.1188.) She is mistaken. She had more than ample opportunity to respond to the motion during the months of August and September 2019, but she chose not to. She also had the opportunity to respond to Defendants' proposed orders, which she did.

Plaintiff apparently believes that she was prejudiced by the fact that Defendants filed their motion for a protective order a few days before the magistrate judge held a settlement conference; however, the magistrate judge did not decide the motion at that conference. Thus, there was no prejudice to Plaintiff.

Plaintiff also complains about the fact that the magistrate judge addressed Defendants' motion for a protective order at the status conference noticed for October 8, 2019. Plaintiff asserts that she did not have notice that the Court would discuss the motion at that conference; however, the case history belies that assertion. The Court notified the parties by order entered August 15, 2019, that it would schedule a status conference after the parties had each completed one deposition, and that no further discovery would be served or completed until that status conference. (8/15/2019 Order, ECF No. 93, PageID.1052.) After Defendants conducted a deposition, Plaintiff declined to conduct one. On September 26, 2019, the magistrate judge's staff notified the parties by email that the magistrate judge intended to schedule a status conference to discuss "the schedule and limits for future discovery." (Email, ECF No. 125-1, PageID.1480.) Defendants' pending motion for a protective order clearly fell within the scope of that subject. Accordingly, Plaintiff had both notice and ample opportunity to address the substance of Defendants' request at the October 8, 2019, status conference.

Plaintiff also complains about what was and was not discussed at the October 8, 2019, status conference,[1] ostensibly in an attempt to show that she did not agree to or discuss certain discovery limitations at that conference. Regardless, Defendants submitted their proposed protective orders after the conference and Plaintiff had an opportunity to respond to them, which she did. (*See* ECF No. 106.) It was not error for the magistrate judge to accept Defendants' proposed orders after giving Plaintiff an opportunity to respond to them.

Plaintiff also contends that the orders entered on November 1, 2019, are invalid because the magistrate judge who entered those orders had retired and was no longer in active service. Magistrate Judge Ellen S. Carmody was the magistrate judge assigned to the case from its commencement until November 2, 2019, when the Court reassigned the case to Magistrate Judge Sally J. Berens. Plaintiff believes that Magistrate Judge Carmody retired on October 31, 2019. Again, Plaintiff is mistaken. Magistrate Judge Carmody was fully employed by the Court on November 1, 2019, which was her last day of active service. Thus, the orders she entered on November 1, 2019, are valid.

To the extent Plaintiff complains about the substance of the disposition of the motion for a protective order, the Court discerns no error. The magistrate judge dealt with Defendants' motion by approving several protective orders dealing with discrete aspects of Defendants' original request. There was no error in this approach.

Furthermore, it was proper for the magistrate judge to impose reasonable limitations on discovery, especially in light of Plaintiff's history of subjecting Defendants to manifestly overbroad and irrelevant discovery requests. *See* Fed. R. Civ. P. 26(c)(1) (allowing a court, "for

---

[1] Plaintiff has provided an informal transcript of this conference that *she* prepared as evidence of this discussion. The Court declines to consider an unofficial transcript prepared by a party to this case. Plaintiff can obtain official transcripts by ordering them from the court reporter.

good cause" to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" caused by discovery).

Plaintiff repeatedly contends that the discovery limitations imposed on her are unreasonable. She asserts that they prevent her from discovering "evidence sufficient to properly plead her case" and from responding to a motion for summary judgment filed by Defendants. (Pl.'s Mot. for Appeal, ECF No. 118, PageID.1191.) Plaintiff does not explain how the current discovery limitations have prevented her from obtaining the information she needs. If, after availing herserlf of the options available to her, she believes that more discovery is necessary, she can raise the issue again to the magistrate judge with more specific reasons why the discovery permitted by the Court has not been adequate.

Furthermore, to the extent Plaintiff contends that she cannot respond to Defendants' motion for summary judgment, the Court has denied that motion; thus, that issue is moot.

Plaintiff raises a number of complaints about Defendants' conduct in discovery—including Defendants' decisions to redact various documents, and Defendants' alleged failure to properly respond to Plaintiff's requests for production of documents—but Plaintiff fails to explain how that conduct bears on the magistrate judge's decisions. It is Plaintiff's burden to show that the magistrate judge's orders are clearly erroneous or contrary to law. She cannot do so by simply alleging what she believes is improper conduct by Defendants.

### B. Payment of Defendants' Expenses

Next, Plaintiff objects to the magistrate judge's requirement that Plaintiff pay $400 to Defendants to reimburse them for expenses incurred in responding to a motion to compel discovery that the magistrate judge denied. (1/21/2020 Order, ECF No. 144.) The magistrate judge relied on Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, which requires a party filing an unsuccessful motion to compel to pay the nonmoving party's reasonable expenses in defending

6

the motion, unless the Court finds that the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

The Court agrees with the magistrate judge that Plaintiff's motion to compel was not substantially justified because it sought discovery outside the bounds of the protective order previously issued in the case. The Court's August 15, 2019, order expressly stated that Defendants would not be required to respond to Plaintiff's "Fourth Request for Production of Document[s] until the completion of [a] status conference." (8/15/2019 Order, PageID.1053.) After the status conference, the Court entered an order providing for specific areas of discovery, and stating that, "[o]ther than the discovery set forth above, no additional discovery may be conducted unless ordered by the Court." (11/1/2019 Order, ECF No. 108.) Thereafter, Plaintiff filed a motion to compel production of her fourth request for production of documents. Neither her motion nor her request for production of documents fell within the categories of discovery permitted by the Court.

In addition, the award was not unjust. When calculating the $400, the magistrate judge calculated Defendants' expenses as one and a half hours of work at a rate of $275 per hour. The magistrate judge did not require Defendants to provide a statement of fees and costs because doing so would simply increase the expenses incurred by Defendants for which Plaintiff would be responsible, and because Defendants "have had to spend too much time responding to Plaintiff's groundless motions." (1/21/2020 Order, PageID.1730.)

Before requiring Plaintiff to pay the $400, the magistrate judge ordered Plaintiff to respond to Defendants' request for fees and costs. (12/23/2019 Order, ECF No. 133.) In her response to the magistrate judge's order, Plaintiff focused on her interpretation of the protective order and asked the magistrate judge to stay the matter until the Court ruled on an appeal. She did not argue, as she does now, that her motion to compel was substantially justified, that she cannot afford to

pay Defendants' expenses, or that Defendants did not suffer any harm because they are insured. Plaintiff's arguments are not properly before the Court because Plaintiff did not raise them to the magistrate judge when she had the opportunity to do so. *See United States v. Seventeen Firearms*, 170 F. App'x 418, 419 (6th Cir. 2006) (holding, as a general rule, that arguments raised for the first time as part of an appeal need not be considered).

In any event, the Court discerns no error. Plaintiff has offered no evidence supporting her contention that she cannot pay the $400 fee, which Plaintiff has the burden to prove. *See Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 642 (6th Cir. 2009). In addition, the Court discerns no error in the magistrate judge's calculation of that fee, which was based on a very modest and reasonable formula. Plaintiff contends that Tentcraft did not suffer any harm because it is insured for its expenses, but the Court is aware of no exception to the fee-shifting rule in Rule 37(a)(5)(B) where the party responding to a motion to compel is insured. In short, the fee award was proper.

### C. Single Employer

Plaintiff also objects to the magistrate's denial of her motion to find that entities Gemba and Logotent are a single entity with Tentcraft under the single employer doctrine. The magistrate judge properly determined that she did not need to make such a determination because Plaintiff failed to allege any facts about Gemba and Logotent in her complaint. (*See* 1/28/2020 Order, ECF No. 145, PageID.1732.) Moreover, the circumstances indicated that Plaintiff was attempting to circumvent the Court's limitations on third-party discovery by making Gemba and Logotent parties to the case. (*Id.*, PageID.1731.) Plaintiff had previously sought discovery from third parties, including Logotent, without establishing a prior need for doing so.

### D. Supplemental Pleadings

In December 2019, Plaintiff sought leave to supplement and amend her complaint to add new parties and claims. The magistrate judge declined to grant leave to do so, noting that granting

Plaintiff's request would require the Court to extend discovery and motion deadlines that it had already extended. (*Id.*, PageID.1734.) In addition, most of Plaintiff's claims were futile. (*Id.*) For instance, Plaintiff sought to add a Title VII retaliation claims against defense counsel, even though defense counsel were not subject to suit under Title VII because they did not employ Plaintiff. And to the extent Plaintiff sought to amend her complaint, as opposed to supplementing it, the April 22, 2019, deadline for doing so had long since passed, and Plaintiff failed to show good cause for extending the deadline.

Plaintiff contends that she did, in fact, comply with the April 22, 2019, deadline. Shortly before that date, she asked the Court for leave to extend the deadline. (*See* Mot. to Extension of Time, ECF No. 34.) And on the last day of the deadline, she filed a motion to supplement the complaint and another motion to join parties. (ECF Nos. 38, 39.)

However, the Court discerns no error in the magistrate judge's decision. Plaintiff's earlier attempt to amend and supplement her complaint was different from the one she filed in December 2019. In April 2019, Plaintiff attempted to supplement her complaint with various new causes of action under Title VII and state law premised on the notion that, when Tentcraft and its attorneys conditioned her employment on signing an agreement not to file an action related to that employment more than six months after her termination or after the occurrence of the event at issue, they were preemptively retaliating against her. (Proposed Suppl. to Compl., ECF No. 39-2, PageID.278-280.) And when Tentcraft and its attorneys raised that agreement in defense to some of her claims in this action, Plaintiff claimed that they were continuing that retaliation. (*Id.*) The magistrate judge properly denied Plaintiff's request because Plaintiff's new Title VII claim was premature, as Plaintiff acknowledges. She had only recently filed that claim with the EEOC. (*See* Mot. to File Suppl. Compl., ECF No. 39, PageID.271.)

9

Moreover, the new claims were plainly frivolous. There is nothing retaliatory about requiring an employee to agree to file suit within a six-month time frame. A contractual provision that limits the time for filing suit may not be enforceable with respect to Title VII claims, *see Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 839 (6th Cir. 2019) (holding that a six-month limitation on Title VII claims is unenforceable),[2] but there is no sense in which such an agreement could be considered an adverse employment action. It simply limits the time period for bringing a claim; it does not deter an employee from bringing one. Furthermore, asserting a defense to litigation is plainly not retaliatory under Title VII. Otherwise, no employer could defend itself against a Title VII claim. Thus, the magistrate judge properly denied this earlier request for leave to supplement and amend the complaint. (*See* Orders, ECF Nos. 50, 53.)

When Plaintiff attempted to amend and supplement her complaint again in December 2019, she attempted to add the same frivolous retaliation claims, as well as new claims *not previously raised* and not connected to any other facts at issue in the complaint, including the following: a claim of retaliation based on facts occurring after filing the complaint, a claim under Michigan's Bullard-Plawecki Employee Right to Know Act, Mich. Comp. Laws § 423.501 et seq., and a claim under the Equal Pay Act, 29 U.S.C. § 206(d). (*See* Pl.'s Mot. for Leave to File Suppl. Pleadings and to Join Parties, ECF No. 136.) Because she raised new claims in December 2019, Plaintiff cannot rely on her *earlier* attempt to supplement and amend her complaint as grounds for arguing that she complied with the April 2019 deadline. Thus, the magistrate judge properly determined that her new request was not timely.

---

[2] In contrast, Michigan courts generally enforce contractual limitations on the ability to bring claims under state law. *See Rory v. Cont'l Ins. Co.*, 703 N.W. 2d 23, 31 (Mich. 2005) (noting that "Michigan has no general policy or statutory enactment . . . which would prohibit private parties from contracting for shorter limitations periods than those specified by general statutes" (quotation marks omitted)).

In addition, the magistrate judge properly determined that Plaintiff had not shown good cause for an extension of the deadline.  Plaintiff contends that she had to go through the EEOC process before bringing one of the new Title VII claims that she attempted to bring in April 2019, and she contends that this sufficed as good cause to supplement the complaint after the April deadline.  However, she acknowledges that she received a right-to-sue letter regarding this claim in May 2019.  She does not explain why she waited another 6 or 7 months to attempt to bring that claim.

In short, the Court finds no error in the magistrate judge's orders.  An order will enter in accordance with this opinion.

Dated:   October 30, 2020                         /s/ Hala Y. Jarbou
                                                  Hala Y. Jarbou
                                                  United States District Judge