UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE WOHADLO,

      Plaintiff,

                                  Case No. 1:18-cv-1442

v.

                                  Hon. Hala Y. Jarbou

TENTCRAFT, INC., et al.,

      Defendants.

_____/

### ORDER

      This is an action claiming sex discrimination, a hostile work environment, and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.*   Plaintiff also asserts a claim of intentional infliction of emotional distress.

      Defendants filed a motion for summary judgment as well as a motion to strike a declaration that Plaintiff filed in response to the motion for summary judgment.  The motion to strike also asked the Court to sanction Plaintiff.  The magistrate judge issued a report and recommendation ("R&R") and order granting the motion to strike but denying the request for sanctions.  The R&R recommends that the Court grant Defendants' motion for summary judgment.  (ECF No. 172.) Before the Court are Plaintiff's objections to the R&R.  (ECF No. 173.)

      Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

      The district judge must determine de novo any part of the magistrate judge's
      disposition that has been properly objected to.  The district judge may accept, reject,

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff's objections begin with a contention that Defendants forfeited certain issues. However, Plaintiff does not explain how these issues bear on the R&R or on the disposition of Defendants' motion; thus, the Court cannot discern the relevance of her objection.  As Plaintiff herself recognizes, "'It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'"  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

Next, Plaintiff contends that the magistrate judge did not consider her request for sanctions against Defendants, which she included in her response to Defendants' motion to strike her declaration.  (*See* Pl.'s Resp. to Defs.' Mot. to Strike, ECF No. 171, PageID.2240.)  The magistrate did not err.  The proper way for Plaintiff to request sanctions would have been to file a separate motion, putting Defendants on notice of the need to respond to that request.  Plaintiff did not do so.  Instead, she included her request in a brief responding to Defendants' motion.  Thus, she did not properly present the issue for consideration by the magistrate judge.

Plaintiff also takes issue with the magistrate judge's statement that Plaintiff's declaration, which the magistrate judge decided would be stricken, "would not make a difference to the outcome of Defendants' motion for summary judgment."  (*See* R&R 10.)  Plaintiff contends that her declaration would support her claim that certain documents are missing from her personnel file, and that Defendants did not produce them during discovery.  Plaintiff asserts, without support, that the absence of these documents demonstrates both "disparate treatment" of Plaintiff and the non-existence of a harassment policy.  (Pl.'s Objs. 2, ECF No. 173.)  The Court has reviewed the

2

declaration and agrees that it would not change the outcome.  The "disparate treatment" referenced by Plaintiff is not part of the allegations of her complaint and, thus, is not relevant to the outcome of Defendants' motion for summary judgment.  Moreover, that disparate treatment would not qualify as an adverse action for purposes of a claim under Title VII, as discussed in the R&R.  (*See* R&R 21 n.9.)

Plaintiff makes additional arguments based on the existence, or non-existence, of a harassment policy at Tentcraft, and raises questions about whether she or any of the Defendants received a copy of that policy around the time of Plaintiff's employment.  None of those arguments are relevant to the claims in her complaint.

Plaintiff apparently contends that Tentcraft or its employees violated Tentcraft's policy regarding workplace harassment.  However, such a violation does not suffice to give rise to a claim under Title VII or ELCRA.  Moreover, even if another employee believed that certain conduct (in this case, Scott's "hey, nice rack" comment) violated the employer's harassment policy, the relevant question for summary judgment is whether that comment, together with the other circumstances described by Plaintiff, rose to the level of an objectively hostile or abusive work environment, in violation of Title VII or ELCRA.  The magistrate judge correctly concluded that Plaintiff failed to make such a showing.

Plaintiff is correct that the law does not require her to show that she was the target of an "explicitly" sexual comment; instead, the law requires her to show an "objectively hostile or abusive work environment," one that a "reasonable person would find hostile or abusive[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  Plaintiff did not make that showing.

Plaintiff contends that Scott's *intent* in making the "nice rack" remark is relevant, and that the Court cannot ascertain intent at the summary judgment stage.  Plaintiff is mistaken.  The test

for a hostile work environment contains an objective element, "an environment that a reasonable person would find hostile or abusive," and a subjective element, an environment that the victim "subjectively perceive[s] . . . to be abusive." *Id.* Neither of these elements depends on the intent or mindset of the individual contributing to the allegedly hostile environment. Thus, Scott's intent is irrelevant.

Similarly, the magistrate judge properly determined that no evidence supported Plaintiff's contention that the two instances of Kellogg leaning back in his chair while Plaintiff was seated next to him amounted to sexual harassment. A reasonable jury could not find that this conduct was hostile or abusive, let alone that it was "severe or pervasive enough" (on its own or together with the other conduct asserted by Plaintiff) to create an objectively hostile or abusive work environment. *See id.*

Plaintiff argues that the R&R misinterpreted *Clark v. United Parcel Service, Inc.*, 400 F.3d 341 (6th Cir. 2005), in which the Court of Appeals held that a manager who "told vulgar jokes, . . . twice placed his vibrating pager on [the plaintiff's] thigh as he passed her in the hall, and . . . pulled at [the plaintiff's] overalls after she told him she was wearing a thong" did not create a hostile work environment. *Id.* at 351. The Court of Appeals determined that these incidents, which occurred over a period of over two years, were not sufficiently "severe and pervasive enough to create a hostile workplace." *Id.* at 352. The magistrate judge reiterated this point in the R&R. (*See* R&R 17.) That was not an error.

Plaintiff contends that the frequency of the harassing conduct in her case distinguishes it from *Clark*. She has a point. However, the magistrate judge correctly determined that the severity of the incidents at issue in Plaintiff's case does not rise to the level of a hostile work environment. The magistrate judge cited *Clark* to compare the severity of the conduct in Plaintiff's case to the

4

severity of the conduct in *Clark*.  The magistrate judge correctly noted that the conduct in Plaintiff's case was less severe.  Even accounting for the fact that the incidents in Plaintiff's case occurred over the course of about five days, rather than two years, they were not severe enough to demonstrate a successful claim.

Plaintiff argues that Defendants waived any argument that the conduct at issue was not pervasive by failing to argue this issue in their motion for summary judgment.  In fact, Defendants repeatedly argued that the three incidents were not severe or pervasive enough to create a hostile work environment.  (*See* Defs.' Br. 14-15, ECF No. 161.)  They did not waive the issue.

Plaintiff apparently contends that Defendants failed to respond appropriately to the alleged harassment after it occurred.  However, the magistrate judge correctly determined that this issue was moot because Plaintiff failed to show that she faced an objectively hostile work environment. In other words, even if the employer's response was inadequate, Plaintiff failed to prove an essential element of her claim.

Next, Plaintiff contends that the magistrate judge failed to consider her evidence about Grice, who allegedly witnessed Scott's "nice rack" comment and interviewed Plaintiff following her interactions with Scott and McNaughton.  However, Plaintiff never expressly asserted in her complaint that Grice harassed her or discriminated against her.  Instead, she claimed that Grice was "complicit" as a "vicarious harasser" because he "intimidated" her during the interview.  (*See* Compl. ¶¶ 47-49.)  In response to the motion for summary judgment, Plaintiff argued that, during this interview, Grice "demanded to know Plaintiff's 'feelings' about Scott," at which point she "began to shake and cry."  (Pl.'s Resp. 7-8, ECF No. 162.)  But even assuming these allegations and arguments are supported by evidence, none of it supports a claim against Grice.  An intimidating interview is neither discrimination nor sexual harassment.

5

Plaintiff also argued in her response brief, without citing any acts or evidence, that Grice and Scott "sexually harassed" her on the afternoon of May 16, 2018, the day of her termination. (*Id.* at 10.)  At her deposition, however, she stated that the only sexual harassment she was claiming involved the conduct by Scott and Kellogg.  (Pl.'s Dep. 89, ECF No. 120.)  Thus, there is no basis for Plaintiff's contention that Grice harassed her or is liable for harassment.  Plaintiff apparently sued Grice to hold him liable for failing to correct Scott's comment or take other remedial measures because he was present when Scott made the comment.  However, such a claim requires Plaintiff to succeed on the merits of her underlying harassment claim.  Because that claim fails, she cannot hold another individual or entity liable.

As for Plaintiff's retaliation claim, the magistrate judge noted that Plaintiff did not engage in protected conduct until after her termination.  Consequently, her protected conduct could not have motivated the termination.  In her objections, Plaintiff argues that the magistrate judge did not consider her theory of "anticipatory" or "preemptive" retaliation, which she argued in response to the motion, citing *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122 (10th Cir. 1993).  Unlike in *Sauers*, however, there is no evidence that Defendants fired Plaintiff out of fear that she would soon file or make a sexual harassment complaint.  In that case, before the decisionmaker took a retaliatory action, he made comments expressing fear that the plaintiff might file a harassment complaint.  *See id.* at 1128.  Here, Plaintiff's anticipatory retaliation theory is based only on speculation, not evidence.

Plaintiff also argues that her emotional response to Grice's interview was a form of protected conduct, i.e., opposition to an unlawful employment practice under 42 U.S.C. § 2000e-3(a).  That is not the case.  At best, Plaintiff's response was opposition to the interview, but no evidence indicates that the interview was itself sexually discriminatory or harassing.

As for Plaintiff's claim of discrimination/disparate treatment, the Court agrees with the magistrate judge that Plaintiff was not similarly situated with the two employees whom she contends were treated differently from her.  There is no genuine dispute that, in the middle of an altercation with McNaughton, Plaintiff put her hand on McNaughton's shoulder and kept it there for "a minute."  (Pl.'s Dep. 140.)  She confessed this to the human resources manager, Rob Hanel, after McNaughton complained that Plaintiff had touched his shoulder and then grabbed both his shoulders and shook him.  (Hanel Decl. ¶ 4, ECF No. 161-2.)  McNaughton was "visibly upset" by the incident and fearful for his safety.  (*Id.*)  Plaintiff denies that she grabbed McNaughton and shook him by the shoulders; nevertheless, the Court agrees with the magistrate judge that Plaintiff was not similarly situated with McNaughton (who purportedly screamed at Plaintiff and subjected her to a verbal "tirade") and Scott (who made the "nice rack" comment) for them to be relevant comparators for a discrimination claim.

Plaintiff argues that there is no evidence that Tentcraft has a policy that forbids touching. To the contrary, Hanel asserted in his declaration that Tentcraft "does not allow employees to touch each other in that manner," referring to Plaintiff's actions.  (*Id.*)  That statement is evidence. In addition, Tentcraft's written harassment policy supports his assertion.  It prohibits all forms of harassment, including "unnecessary touching of an individual."  (*See* Harassment Policy, ECF No. 161-2, PageID.2023.)  In any case, it would have been lawful for Tentcraft to terminate Plaintiff even if no such policy existed.  The bottom line is that Plaintiff had the burden to demonstrate a *prima facie* case of discriminatory treatment and she did not meet that burden.

Plaintiff argues in her objections that the magistrate judge deprived her of due process and prevented her from obtaining evidence to respond to Defendants' motion for summary judgment by restricting her discovery.  However, Plaintiff did not raise this issue to the magistrate judge

when responding to Defendants' motion for summary judgment.[1] "[A]bsent compelling reasons," a party may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Thus, this issue is not properly before the Court.

Finally, Plaintiff asks the Court to dismiss her action without prejudice. However, Defendants' summary judgment motion resolves the merits of her claims. Thus, dismissal with prejudice is appropriate.

In summary, upon review of the objections properly before the Court, the Court discerns no error in the R&R and its recommended disposition of the case. Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 173) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 172) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 161) is **GRANTED**.

A judgment will enter in accordance with this Order.

Dated:  May 19, 2021                          /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff did object to the scope of permitted discovery earlier in the case. However, she did not do so in response to Defendants' motion for summary judgment. Rule 56 of the Federal Rules of Civil Procedure provides a specific means for a party responding to a summary judgment motion to demonstrate that "it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. 56(d). Under this rule, Plaintiff could have argued that the limitations on discovery prevented her from presenting essential facts. She did not do so.